UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MONTREY THORNTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-17988** |
| **FLORIDA MARINE TRANSPORTERS, LLC** | **SECTION "L" (5)** |

## ORDER AND REASONS

There are two motions before the Court: Defendant's motion for partial summary judgment (R. Doc. 12) and Plaintiff's Rule 56(d) motion (R. Doc. 17). Having considered the parties' briefs and the applicable law, the Court now issues this Order and Reasons.

### I.  BACKGROUND

Plaintiff Montrey Thornton ("Thornton") brings this action to recover for injuries he allegedly sustained in two separate incidents while working as a deckhand and crewmember aboard the M/V DENNIS J. PASENTINE, owned by Defendant Florida Marine Transporters, LLC ("Florida Marine"). Thornton alleges that he injured his back in April of 2017 while handing down a crossover hose on a barge, and again in October of 2017 while building tow in the Lewis & Clark Fleet. He brings Jones Act negligence, unseaworthiness, and maintenance and cure claims against Florida Marine in connection to both incidents.

In his initial complaint, Thornton alleged that the October incident was caused by his co-worker's failure to pull his weight while the two were working with a wire and ratchet. Thornton amended his complaint when discovery revealed that the person who did not pull his weight was an employee of the Lewis & Clark fleet – not a Florida Marine co-worker – and added SCF Lewis & Clark Fleet, LLC and SCF Lewis & Clark Terminals, LLC as defendants.

### II.  PRESENT MOTIONS

Florida Marine moves for partial summary judgment dismissing Thornton's Jones Act negligence and unseaworthiness claims stemming from the October incident. R. Doc. 12. Florida Marine argues that Thornton cannot establish the essential elements of these claims, because (1) it cannot be liable for the actions of a separate company's employee, and (2) the vessel was seaworthy. R. Doc. 12.

Thornton filed a Rule 56(d) motion in response, asking the Court to defer consideration of Florida Marine's motion for partial summary judgment. R. Doc. 17. Thornton contends that whether Florida Marine directly employed the worker in question does not resolve its potential liability under the Jones Act and general maritime law, and that additional discovery into the relationship between Florida Marine and the Lewis & Clark deckhand is critical to his response. In the attached Rule 56(d) affidavit, Thornton's counsel states that it is not possible to respond without:

1. Information regarding the operations ongoing at the time of Plaintiff's injury
2. The participants to those operations
3. The defendant's safety and operating policies that were implicated
4. The degree to which these safety policies were violated
5. The relationship between the defendant and this outside worker on defendant's tow who was working with Plaintiff at the time of the incident, including the degree of control that defendant had over this outside worker as well as the amount of knowledge that defendant had regarding his skills and competence.

R. Doc. 17-1 at 2-3.

In opposition to Thornton's Rule 56(d) motion, Florida Marine argues that sufficient facts are available through the record and the previously produced discovery to allow Thornton to oppose its motion for partial summary judgment.

### III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>   (1) defer considering it or deny it;
>   (2) allow time to obtain affidavits or declarations or to take discovery; or
>   (3) issue any other appropriate order.

Rule 56(d) is "designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose," and motions brought under it are "broadly favored and should be liberally granted." *Am. Family Life Assur. Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). Still, the party invoking the rule must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

The Court finds that Thornton has demonstrated his entitlement to Rule 56(d) protection, and the requested discovery is necessary for his response to Florida Marine's motion for partial summary judgment.

## IV.  CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Rule 56(d) motion (R. Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for partial summary judgment (R. Doc. 12) is **DENIED WITHOUT PREJUDICE** to Defendant's right to re-file after relevant discovery.

New Orleans, Louisiana this 15th day of November, 2018.

_____
UNITED STATES DISTRICT JUDGE