UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MONTREY THORNTON**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 17-17988**

**FLORIDA MARINE TRANSPORTERS, LLC**                    **SECTION "L" (5)**

## ORDER AND REASONS

Before the Court is a motion to dismiss for lack of personal jurisdiction filed by Defendants SCF Lewis and Clark Fleeting LLC and SCF Lewis and Clark Terminals LLC. R. Doc. 24. Plaintiff did not file an opposition. For the reasons that follow, the unopposed motion is GRANTED.

### I.   BACKGROUND

Plaintiff Montrey Thornton ("Thornton") brings this action to recover for injuries he allegedly sustained in two separate incidents while working as a deckhand and crewmember aboard the M/V DENNIS J. PASENTINE, owned by his employer Defendant Florida Marine Transporters, LLC ("Florida Marine"). Thornton alleges that he injured his back in April of 2017 while handing down a crossover hose on a barge, and again in October of 2017 while building tow in the Lewis & Clark Fleet. He brings Jones Act negligence, unseaworthiness, and maintenance and cure claims against Florida Marine in connection to both incidents.

In his initial complaint, Thornton alleged that the October incident was caused by his co-worker's failure to pull his weight while the two were working with a wire and ratchet. Thornton amended his complaint when discovery revealed that the person who did not pull his weight was an employee of the Lewis & Clark fleet – not a Florida Marine co-worker – and added SCF Lewis & Clark Fleet, LLC and SCF Lewis & Clark Terminals, LLC (together, the "Lewis and Clark Defendants") as defendants.

The Lewis and Clark Defendants, citizens of Delaware and Missouri, now move to dismiss Thornton's claims against them for lack of personal jurisdiction. The motion is unopposed.

## II.  LAW AND ANALYSIS

The plaintiff bears the burden of proving that personal jurisdiction exists when challenged by a nonresident defendant. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). That burden is met by a prima facie showing. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Personal jurisdiction over a nonresident defendant is proper where (1) the forum state's long arm statute confers personal jurisdiction over the defendant and (2) the exercise of personal jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long arm statute extends personal jurisdiction to the constitutional limit, the Court need only consider the limitations of the Due Process Clause. *See* La. Rev. Stat. Ann. § 13:3201(B).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" and (2) exercising personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211.

When a nonresident defendant has engaged in "continuous and systematic" activities in the state, general jurisdiction will attach even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Where contacts are less pervasive, a court may exercise specific jurisdiction if the defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001).

Plaintiff has not established a prima facie case that the Lewis and Clark Defendants have engaged in "continuous and systematic" activities in Louisiana that would support the exercise of general jurisdiction over them. A corporation must have substantial, continuous, and systematic contacts with the forum state so as to "render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). "It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

SCF Lewis and Clark Terminals LLC operates terminals, warehousing, and transloading facilities for the movement and storage of bulk commodities. R. Doc. 24-4. None of its facilities is located in Louisiana. SCF Lewis and Clark Fleeting LLC operates harbor tugboats and barges. R. Doc. 24-3. None of its boats or barges is located in or navigate the waters in or around Louisiana. Both of these Lewis and Clark Defendants are incorporated in Delaware and have principal places of business in Missouri. They are not registered in Louisiana and have no offices, facilities, real estate, physical assets, or bank accounts in the state. R. Docs. 24-4 and 24-3.

Likewise, Plaintiff has not established a prima facie case of specific jurisdiction over the Lewis and Clark Defendants. Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quotation marks and citations omitted). It exists when "(1) the nonresident defendant purposefully avails itself of the privileges of conducting activities in the forum state; and (2) the controversy arises out of or is related to the defendant's contacts with the forum state." *Choice Healthcare, Inc. v. Kaiser Foundation Health Plain*, 615 F.3d 364, 369 (5th Cir. 2010). Plaintiff's case arises out of an alleged incident in St. Louis, Missouri. Plaintiff has not alleged that the Lewis and Clark

Defendants have purposefully availed themselves of the privileges of conducting business in Louisiana or that his cause of action relates to the Lewis and Clark Defendants' Louisiana contacts.

## III. CONCLUSION

For these reasons, the Lewis and Clark Defendants' unopposed motion to dismiss, R. Doc. 24, is GRANTED.

New Orleans, Louisiana this 24th day of January, 2019.

_____
UNITED STATES DISTRICT JUDGE